FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 SEP 20 AM 3:13

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARLA GOULD HOLCOMB and HENRY C. HOLCOMB, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  CASE NO. CV412-111 |
| WELLS FARGO BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORP., d/b/a Freddie Mac, | ) ) ) ) ) |
| Defendants. | ) ) |

# O R D E R

Before the Court is Defendants Wells Fargo Bank, N.A. ("WFB") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion for Summary Judgment. (Doc. 78.) For the following reasons, Defendants' motion is **GRANTED** and Plaintiffs' claims are **DISMISSED**. As a result, Plaintiffs' Motion for Partial Summary Judgment (Doc. 51), Motion to Set Expert Witness Report Deadlines (Doc. 75), and Motion to Dismiss Defenses or Protective Order (Doc. 77) are **DISMISSED AS MOOT**. In addition, Defendants' Motion to Compel Discovery (Doc. 71) is also **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

In this case, Plaintiffs appear to allege that Defendants wrongfully foreclosed on their home. According

to Plaintiffs,[1] Mrs. Marla Holcomb[2] was "making the monthly payments on the loan and possessed the financial ability to continue making the payments." (Doc. 1, Attach. 1 ¶ 10.) However, she wished to modify her mortgage, presumably on terms more favorable than the existing mortgage. (Id.) According to Mrs. Holcomb, she contacted Defendant WFB to inquire about a loan modification, who informed her that she cannot be considered for loan modification unless she missed three monthly payments. (Id.) Based on this information, Mrs. Holcomb did not remit her mortgage payments for May, June, or July of 2011. (Id.)

In August 2011, Mrs. Holcomb began submitting documentation in support of her modification request. (Id. ¶ 11.) Plaintiffs received a July 13, 2011 letter from Defendant WFB stating that the "loan file has been referred to our attorney with instructions to begin foreclosure proceedings." (Id. ¶ 12.) Mrs. Holcomb claims, however, that a representative of Defendant WFB "advised her any action would be postponed." (Id.) Next, Plaintiffs

---

[1] As it must at this stage, the Court construes the facts in the light most favorable to Plaintiff. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

[2] Mrs. Holcomb acquired the home when she divorced her previous husband. Subsequently, she was remarried to Plaintiff Henry C. Holcomb. (Doc. 78, Attach. 1 at 1.)

2

received a July 22, 2011 letter from the law firm of McCalla Raymer, LLC stating that "the mortgage loan for your property . . . had been pre-approved for a special repayment program." (Id.) Plaintiffs received a July 28, 2011 letter from a Home Preservation Specialist at Defendant WFB stating that she would be assisting them with the modification process. (Id.) A subsequent July 31, 2011 letter from Defendant WFB identified documents Plaintiffs must submit to be considered for loan modification: hardship letters, bank statements, and three paystubs from both Plaintiffs. (Id.; id. Ex. 8 at 1.) Plaintiffs then received a November 7, 2011 letter from McCalla Raymer stating that Plaintiffs "may be approved for a special repayment program." (Id. ¶ 12; id. Ex. 9 at 1.) That letter, however, expressly stated that it is not "a loan modification or repayment plan agreement on the part of McCalla Raymer or the owner (investor) of your loan." (Id. at 2.)

In a November 18, 2011 letter, Plaintiffs were provided notice by McCalla Raymer that foreclosure proceedings had been initiated and the property would be sold on the first Tuesday of January 2012. (Id. Ex. 10 at 1-2.) In addition, this letter informed Plaintiffs of

their rights under Georgia foreclosure law and included a copy of the Notice of Sale that would be submitted for publication. (Id.) According to Mrs. Holcomb, she once again contacted Defendant WFB and was instructed to disregard the notice because the foreclosure attorneys would be informed that Plaintiffs were seeking a loan modification. (Id., Attach. 1 ¶ 12.) She claims that a representative of Defendant WFB told her the sale would be postponed. (Id.)

A December 30, 2011 letter from Defendant WFB informed Plaintiffs that it was not able to provide them with a loan modification and the collections process would resume. (Id. Ex. 11 at 1.) On January 11, 2012, Plaintiffs received a letter from Defendant WFB informing them that the delinquency on their mortgage could result in foreclosure. (Id. Ex. 12 at 1.) This letter provided Plaintiffs with a phone number for mortgage assistance inquiries. (Id.) However, Plaintiffs subsequently received a January 11, 2012 letter from McCalla Raymer explaining that the home had been foreclosed on and Freddie Mac now owned the property. (Id. Ex. 13 at 1.) The property deed states that the foreclosure sale took place on January 3, 2012. (Id. Ex. 4 at 1.) Plaintiffs maintain

4

that they were never informed the foreclosure proceedings would resume in the absence of loan modification or that Mrs. Holcomb could avoid foreclosure by bringing the note current. (Id., Attach. 1 ¶ 15.)

Based on these events, Plaintiffs filed a complaint in the Superior Court of Chatham County, Georgia, which Defendants properly removed to this Court. (Id.) In their complaint, Plaintiffs appear to bring a claim for wrongful foreclosure and seek to have the foreclosure set aside.[3] (Id. ¶¶ 17-27.) In addition, Plaintiffs seek both compensatory and punitive damages for mental distress (id. ¶ 25), as well as attorney's fees and expenses (id. ¶ 28). As part of the complaint, Plaintiffs seem to argue that the doctrine of promissory estoppel operates to bar Defendants' foreclosure. (Id. ¶ 19.) Also, Plaintiffs appear to contend that Defendants wrongfully foreclosed on their property because the parties mutually agreed to depart from the terms of the original mortgage and, subsequent to that mutual departure, Defendants failed to provide notice that

---

[3] Plaintiffs at times seem to argue that Defendants are liable for the return of the private property that was in the house at the time of foreclosure. However, this Court's review of Plaintiffs' complaint reveals no such claim.

they intended to once again rely on the terms of the mortgage. (Id. ¶¶ 21-22.)

In their Motion for Summary Judgment, Defendants argue that Plaintiffs have failed to meet the standard for a wrongful foreclosure claim under Georgia law. (Doc. 78, Ex. A at 8-13.) Also, Defendants maintain that promissory estoppel is inapplicable to this case because they made no promise to Plaintiffs upon which they detrimentally relied. (Id. at 13-18.) Finally, Defendants reason that Plaintiffs' mutual departure claim lacks merit because Defendants never agreed to depart from the original mortgage contract. (Id. at 18-21.)

In response, Plaintiffs point out that Mrs. Holcomb had not defaulted on her loan prior to Defendant WFB informing her she must be in default before she could seek loan modification. (Doc. 84 at 2-3.) Also, Plaintiffs contend that Defendants never provided them with proper notice that, after mutually departing from the requirements of the mortgage contract, Defendants were going to reinstate the terms of that contract and foreclose on the property. (Id. at 4-7.) With respect to promissory estoppel, Plaintiffs argue that once Defendants led Mrs. Holcomb to believe that the foreclosure would be postponed

6

while they assessed her request for loan modification, they are estopped from taking any action toward foreclosing on the property. (Id. at 9-11.) Finally, Plaintiffs reason that Mrs. Holcomb was never provided notice of the foreclosure and opportunity to bring the loan current because Defendant WFB instructed her to disregard that letter. (Id. at 12-14.)

## ANALYSIS

I.  SUMMARY JUDGMENT STANDARD

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the

material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

## II. DEFENDANTS MOTION FOR SUMMARY JUDGMENT

In their motion, Defendants contend that Plaintiffs' wrongful foreclosure claim fails because Mrs. Holcomb defaulted on her mortgage payments, and Defendants gave Mrs. Holcomb proper notice of the impending foreclosure and the opportunity to bring the loan current. (Doc. 78, Ex. A at 8-11.) Under Georgia law, a plaintiff bringing a claim for wrongful foreclosure must establish that the foreclosing party owed the plaintiff a legal duty, the foreclosing party breached that duty, a causal connection between that breach and the plaintiff's injury, and damages. Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (2007). According to the Georgia Court of Appeals, " '[w]hen a power of sale [in

9

a security deed] is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith.' " Ceasar v. Wells Fargo Bank, N.A., ___ Ga. App. ___, 744 S.E.2d 369, 373 (2013) (quoting Kennedy v. Gwinnett Commercial Bank, 155 Ga. App. 327, 330, 270 S.E.2d 867 (1980)) (second alteration in original).

In this case, Plaintiffs have failed to point to any evidence that, if true, established Defendants owed Plaintiffs a legal duty that Defendants breached when foreclosing on the property. In foreclosing on the property, Defendants were exercising the power of sale granted to them by the terms of the security deed. Plaintiffs have failed to point to any evidence that Defendants' actions violated the terms of that agreement or that the actual sale of the property was not conducted in good faith.

Rather, Plaintiffs seem to argue that Defendant WFB's actions when discussing the possibility of loan modification created additional duties that Defendants' subsequently breached when foreclosing on the property, such as providing additional notice of Defendant WFB's decision to deny her request for modification and foreclose

10

on the property. Yet, the documents relating to Mrs. Holcomb's requested loan modification clearly state that "any collection and foreclosure action will continue uninterrupted until approval" (Doc. 1, Attach. 1, Ex. 8 at 1), and that "the foreclosure action will continue as scheduled until the lender is in receipt of any possible down payment and signed repayment agreement" (id. Ex. 9 at 2). Even assuming Defendant WFB made certain oral representations concerning Mrs. Holcomb's eligibility for loan modification and its effect on any possible foreclosure, the undisputed documentary evidence in the record clearly states that the foreclosure process will continue to move forward unabated by Mrs. Holcomb's request for loan modification. Therefore, the record conclusively establishes that Defendants assumed no additional duties outside those imposed by the terms of the security deed. Because Plaintiff does not identify any evidence establishing a breach of the terms of the security deed or a statutorily imposed duty, Defendants are entitled to summary judgment on Plaintiffs' claim for wrongful foreclosure.

Plaintiffs' argument that the doctrine of promissory estoppel operates to preclude Defendants from foreclosing

on the property is without merit. Under Georgia law, a plaintiff bringing a claim for promissory estoppel must establish that "(1) the defendant made certain promises, (2) the defendant should have expected that the plaintiffs would rely on such promises, and (3) the plaintiffs did in fact rely on such promises to their detriment." Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1326 (11th Cir. 2005) (citing Doll v. Grand Union Co., 925 F.2d 1363 (11th Cir.1991)). The problem, of course, with Plaintiffs' argument is that their own complaint establishes the absence of any promise on the part of Defendants. In their complaint, Plaintiffs state that "the mandated default in payments would lead to the consideration of a loan modification" and there was never "any promise to modify a [sic] her loan." (Doc. 1, Attach. 1 ¶ 17.) As discussed above, the loan modification documents routinely notified Plaintiffs that the foreclosure process would continue while Mrs. Holcomb sought the modification. In light of this evidence, Plaintiff has failed to identify any evidence in the record that establishes the existence of a promise by Defendants not to foreclosure on the property. As a result, Defendants are entitled to summary judgment on this claim.

Finally, Plaintiffs' theory concerning mutual departure is also without merit. "[A] mutual departure from the terms of an agreement results in a quasi-new agreement suspending the original terms of the agreement until one party has given the other reasonable notice of its intent to rely on the original terms." Vakilzadeh Enters. v. Hous. Auth. of Cnty. of DeKalb, 281 Ga. App. 203, 206, 635 S.E.2d 825, 827 (2006); accord O.C.G.A. § 13-4-4. Inherent in this theory, of course, is the notion that the parties mutually departed from the terms of the original contract.

In this case, Plaintiffs appear to argue that Mrs. Holcomb's request for a loan modification was somehow a mutual departure that required Defendant WFB to provide notice of its intent to return to the original contract and foreclose under the terms of the security deed. The problem with Plaintiffs' theory, however, is that all evidence in the record is to the contrary. As discussed above, the documents related to Mrs. Holcomb's request for a loan modification all state that the terms of the original mortgage remained in force during the pendency of Mrs. Holcomb's loan modification application. The mere consideration by Defendant WFB of possibly departing from

13

the terms of the original contract by modifying Mrs. Holcomb's mortgage does not mean that they actually agreed to any departure. Because there was no mutual departure from the terms of the original mortgage, Defendants are entitled to summary judgment on this claim.

In conclusion, Plaintiffs have failed to point to any evidence in the record that, if true, would entitled them to relief. First, Plaintiffs' wrongful foreclosure claim fails because they have not identified any evidence in the record indicating that Defendants failed to either foreclose on the property according to the terms of the security deed, or conduct the foreclosure sale in good faith. Second, Plaintiffs' promissory estoppel theory fails because they did not point to evidence in the record establishing that Defendants made any promise to Plaintiffs upon which Plaintiffs relied. Indeed, Plaintiffs' complaint states that Defendants made no promises with respect to Mrs. Holcomb's modification request. Finally, Plaintiffs' mutual departure argument is without merit because there is no evidence in the record that Defendants agreed to depart from the terms of the original mortgage. As noted above, the documentary evidence indicates the opposite—that the status quo concerning Mrs. Holcomb's

default remained in effect while she sought a loan modification. Because Plaintiffs are unable to point to any evidence in the record to support their theories of relief, Defendants are entitled to summary judgment. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED**.

## CONCLUSION

Before the Court is Defendants Wells Fargo Bank, N.A. ("WFB") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion for Summary Judgment. (Doc. 78.) For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 78) is **GRANTED** and Plaintiffs' claims are **DISMISSED**. As a result, Plaintiffs' Motion for Partial Summary Judgment (Doc. 51), Motion to Set Expert Witness Report Deadlines (Doc. 75), and Motion to Dismiss Defenses or Protective Order (Doc. 77) are **DISMISSED AS MOOT**. In addition, Defendants' Motion to Compel Discovery (Doc. 71) is also **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 20th day of September 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA